UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CURTIS NORRIS

   v.              Case Nos. 8:17-cv-945 T-24 TGW
                       8:08-cr-163-T-24 TGW

UNITED STATES OF AMERICA
_____/

**ORDER**

   This cause comes before the Court on Petitioner Curtis Norris's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and motion for new trial pursuant to Federal Rule of Criminal Procedure 33 (the "Motion"). (Civ. Doc.1; Crim. Doc. 117). The Government filed a response in opposition to the Motion. (Civ. Doc. 4).[1] Upon review, the Court dismisses Petitioner's Motion.

   **I.**  **Background**

   On April 9, 2008, Petitioner and Haikeem Clark were indicted on various drug charges in violation of 21 U.S.C. §§ 846 and 841. (Crim. Doc. 1). Clark pleaded guilty to one count of conspiracy to distribute and possess with the intent to distribute 50 grams or more of crack cocaine (Crim. Doc. 16). Petitioner, however, proceeded to trial. (*See* Crim. Doc. 51).

   At trial, Clark testified against Petitioner. (*See* Doc. 63). On October 15, 2008, the jury found Petitioner guilty of the following charges: conspiracy to distribute and possess with the intent to distribute 50 grams or more of crack cocaine (Count I); conspiracy to distribute and

---

[1] Although the Court allowed Petitioner to file a reply to the Government's response (Civ. Doc. 2), Petitioner, through counsel, did not do so.

1

possess with the intent to distribute marijuana (Count II); distribution and possession with intent to distribute marijuana (Count IV); distribution and possession with intent to distribute 50 grams or more of crack cocaine (Count VII); possession with intent to distribute cocaine (Count VIII); and distribution and possession with intent to distribute marijuana (Count IX). (Crim. Doc. 60).

Due to Petitioner's prior felony drug convictions, Petitioner faced a mandatory life sentence for Counts I and VII pursuant to 21 U.S.C. § 841(b)(1)(A). (Crim. Doc. 33). On January 15, 2009, Petitioner was sentenced to life imprisonment on Counts I and VII, 120 months' imprisonment on Counts II, IV, and IX, and 360 months' imprisonment on Count VIII, all such terms to run concurrently. (Crim. Docs. 69, 70). On January 6, 2010, following the filing of an *Anders* brief and the Eleventh Circuit's independent review of the record, Petitioner's sentence was affirmed on appeal. (Crim. Doc. 87).

Based on Clark's trial testimony against Petitioner, the Government filed a substantial assistance motion pursuant to USSG §5K1.1, requesting a four-level reduction in Clark's offense level. (Crim. Doc. 63). On November 20, 2008, the Court granted this motion (Crim. Doc. 65) and sentenced Clark to 37 months' imprisonment (Crim. Docs. 64, 66).

On April 27, 2016, the Government filed a motion to appoint counsel for Petitioner because Clark, having served his 37-month sentence, claimed that his trial testimony against Petitioner was false. (Civ. Doc. 114). The Court appointed counsel for Petitioner on May 3, 2016 (Doc. 115), and Petitioner filed this motion to vacate and motion for new trial on April 20, 2017 (Civ. Doc.1; Crim. Doc. 117).

According to Petitioner, Clark indicated to Petitioner's counsel over the telephone that his trial testimony against Petitioner was "all a lie" and that he had been calling law enforcement for a year to recant his testimony but he was "given the runaround." (Civ. Doc. 1, pg. 3–4).

During a subsequent meeting with Petitioner's counsel, Clark stated that he "testified falsely against [Petitioner] simply to reduce his own sentence," that Clark never sold drugs with Petitioner, that Clark was not aware that Petitioner was selling cocaine, and that "[i]nstead of being co-conspirators, [Petitioner] and Mr. Clark [] had personal conflicts between them due to a previous girlfriend." (Civ. Doc. 1, pg. 4). Clark later gave similar testimony to a private investigator hired by Petitioner's counsel. (Civ. Doc. 1, pg. 5). Clark, however, has refused to sign an affidavit recanting his testimony and refused to respond to further communications from Petitioner's counsel. (Civ. Doc. 1, pg. 5). Moreover, on February 16, 2017, Petitioner's counsel was contacted by a third party who indicted that Clark was demanding $30,000 in exchange for him signing an affidavit recanting his trial testimony. (Civ. Doc. 1, pg. 6). Without an affidavit from Clark, Petitioner filed affidavits of Petitioner's counsel and the private investigator stating that Clark said that he testified falsely at Petitioner's trial. (Crim. Docs. 117-2, 117-3, and 117-4).

**II.    Discussion**

Based on Clark's alleged recantation of his trial testimony, Petitioner argues that his sentence should be vacated pursuant to § 2255 and that he is entitled to a new trial pursuant to Rule 33(b). He asserts that Clark's truthful testimony would have refuted the allegations of conspiracy against Petitioner and likely would have resulted in an acquittal as to Count I, VII, VIII. But for the reasons that follow, Petitioner's claim is not cognizable under § 2255 and is time barred under Rule 33(b). Accordingly, the Court denies Petitioner's Motion.

### A. Petitioner's claims are not cognizable under § 2255

First, Petitioner's claims are not cognizable under § 2255 because they do not raise any constitutional issue. Indeed, nowhere in Petitioner's motion does he identify a constitutional violation or argue that a constitutional violation occurred.

Section 2255 may be used to collaterally attack a conviction and sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." 28 U.S.C § 2255(a). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations and internal quotation marks omitted).

A claim of newly discovered evidence is not grounds for relief on collateral attack absent a constitutional violation. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("[N]ewly discovered evidence . . . alleged in a habeas application . . . must bear upon the constitutionality of the applicant's detention.") (citation omitted); *Conley v. United States*, 323 F.3d 7, 14 (1st Cir. 2003) ("Merely to claim that new evidence casts doubt, even grave doubt, on the correctness of a conviction is not a ground for relief on collateral attack.") (citations omitted). The Eleventh Circuit has made clear "the recantation of testimony against a petitioner is not a basis for federal habeas corpus relief." *Brownlee v. Haley*, 306 F.3d 1043, 1064 (11th Cir. 2002); *see also Smith v. Wainwright*, 741 F.2d 1248, 1257 (11th Cir. 1984) ("'Newly discovered evidence in the form of a confession by another does not render the conviction void and subject to collateral attack by habeas corpus because it goes to the merits of the conviction, not its legality.'" (quoting *Shaver v. Ellis*, 255 F.2d 509, 511 (5th Cir. 1958))). Moreover, the Eleventh Circuit does not recognize

freestanding claims of actual innocence as constitutional claims in § 2255 cases.[2] *See Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1356 (11th Cir. 2007) ("[O]ur precedent forbids granting habeas relief based upon a claim of actual innocence . . . in non-capital cases); *United States v. Montano*, 398 F.3d 1276, 1284 (11th Cir. 2005) ("Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by [petitioner's] failure to timely file his § 2255 motion.") (citation omitted); *Herrera*, 506 U.S. at 390–91 ("[C]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation.").

Here, Petitioner's claim of newly discovered evidence (Clark's recantation) does not meet this threshold because Petitioner has not shown, or even alleged, a constitutional violation. Accordingly, Petitioner's claim is not cognizable under § 2255.

### B. Petitioner's claims are time barred under Rule 33(b)

While Petitioner's claim is not cognizable under § 2255, he also moves for a new trial based on Clark's recantation pursuant to Federal Rule of Criminal Procedure 33. Rule 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). However, "[a]ny motion for a new trial grounded on newly discovered evidence *must be filed within 3 years after the verdict or finding of guilty*." Fed. R. Crim. P. 33(b) (emphasis added). Here, Petitioner's Motion was filed over seven years after the Eleventh Circuit affirmed Petitioner's sentence and conviction.

---

[2] In any event, Petitioner never argues that he is actually innocent of the crimes for which he was convicted— instead, he argues that had Clark testified truthfully "the [G]overnment would have been unable to meet its burden of proof or would have at least had a substantial evidentiary dispute." (Civ. Doc. 1, pg. 8).

Recognizing this barrier, Petitioner attempts to circumvent the time limitation of Rule 33(b) by also proceeding under § 2255, which has a one-year statute of limitations running from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Essentially, Petitioner attempts to proceed under the legal standard applicable to Rule 33(b) by using the statute of limitations of § 2255. But, as explained above, Petitioner's claim is not cognizable under § 2255. And Petitioner cannot skirt Rule 33(b)'s time limitation by simply styling his motion as one brought under § 2255. *See United States v. Berry*, 624 F.3d 1031, 1039 (9th Cir. 2010) (holding that while a district court may treat a § 2255 motion as a Rule 33 motion for a new trial, in order to do so the § 2255 motion must be timely under the provisions of Rule 33); *Mankarious v. United States*, 282 F.3d 940, 945 (7th Cir. 2002) ("[D]efendants . . . may not use § 2255 to circumvent Rule 33's time limit.") (citation omitted); *United States v. DeCarlo*, 848 F. Supp. 354, 357 (E.D.N.Y. 1994) (same); *see also Monsalve v. United States*, No. 8:04-cv-1866T-27TBM, 2006 WL 2327291, *2 (M.D. Fla. Aug. 9, 2006) ("Claims of newly discovered evidence are properly raised by motion for new trial pursuant to Rule 33."). Accordingly, Petitioner's motion for new trial is time barred under Rule 33(b).

### C. Merits of Petitioner's Claims

Even if the Court could consider the merits of Petitioner's claim, he would not be entitled to relief. New evidence claims based on recanted trial testimony are looked at with the "utmost suspicion." *United States v. Nolte*, 440 F.2d 1124, 1128 (5th Cir. 1971).[3] Recanted testimony "upsets society's interest in the finality of convictions, is very often unreliable and given for suspect motives, and most often serves merely to impeach cumulative evidence rather than to

---

[3] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down before the close of business on September 30, 1981.

undermine confidence in the accuracy of the conviction." *In re Davis,* 565 F.3d 810, 825–26 (11th Cir. 2009) (citation omitted); *see also Wadlington v. United States*, 428 F.3d 779, 784 (8th Cir. 1992) (holding that recanting affidavits and witnesses are viewed with suspicion). Courts are especially cautious "where the witness who is recanting has already received a benefit—in the form of . . . the government's recommendation of a reduced sentence to the trial court in return for testimony given at trial—and in addition has an ongoing personal relationship with the defendant." *United States v. Ogle*, 425 F.3d 471, 478 (7th Cir. 2005).

Here, the facts surrounding Clark's recantation cast doubt on its credibility. Clark has already served the reduced sentence he received in return for testifying against Petitioner. Moreover, Clark has not signed an affidavit recanting his trial testimony and, in fact, has attempted to extort Petitioner for $30,000 dollars in exchange for an affidavit. Accordingly, the Court finds that there is every reason to doubt the credibility of Clark's recantation.

Moreover, "[f]or newly discovered evidence to justify a new trial, the evidence must be material and not merely cumulative or impeaching, and *must be such that it will probably produce an acquittal*." *United States v. Diaz*, 190 F.3d 1247, 1255 (11th Cir. 1999) (emphasis added) (citation omitted). Here, there is ample other evidence to support Petitioner's conviction even without the testimony of Clark. Six law enforcement officers testified against Petitioner at trial. At the time of his arrest, Petitioner was observed by law enforcement in the apartment running into a bedroom and later was found to be the only person in that bedroom. Law enforcement officers stationed outside the apartment observed two shoeboxes containing marijuana, crack cocaine, cocaine, plastic bags, and money being thrown out of the bedroom window. Moreover, there was testimony that Petitioner was found in possession of serialized currency which had been used by undercover law enforcement officers to purchase crack cocaine

from Clark. Thus, the evidence and witness testimony irrespective of Clark's testimony supports the jury's guilty verdict as to Petitioner's cocaine charges, and Petitioner is not entitled to a new trial under Rule 33.

### D. Request for Evidentiary Hearing

Petitioner requests an evidentiary hearing on the Motion. He is not entitled to an evidentiary hearing, nor is there any need for one in this case. Petitioner bears the burden of establishing the need for an evidentiary hearing. *Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984). In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1060 (11th Cir. 2011). "That means that if a habeas petition does not allege enough specific facts that, if they were true, would warrant relief, the petitioner is not entitled to an evidentiary hearing." *Id*. Here, the allegations in Petitioner's Motion are due to be dismissed, and he is not entitled to an evidentiary hearing.

## III. Conclusion

As explained above, Petitioner's claim is not cognizable under § 2255 and is time barred under Rule 33(b). Accordingly, it is ORDERED AND ADJUDGED that Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and motion for new trial pursuant to Federal Rule of Criminal Procedure 33 is **DISMISSED**. The Clerk is directed to enter judgment against Petitioner in the civil case and then to close that case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's final order in a proceeding under section 2255. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a Certificate of Appealability ("COA"). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Tampa, Florida, this 31st day of August, 2017.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
*Pro Se* Petitioner